**OFFICE OF THE CITY ATTORNEY**
**City of Scottsdale**
R. Bruce Washburn (SBN: 015346)
Eric C. Anderson (SBN 016114)
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Telephone: 480-312-2405
Facsimile: 480-312-2548
legal@scottsdaleaz.gov

**Attorneys for Defendant**

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

NEXTG NETWORKS OF CALIFORNIA, INC. d/b/a NEXTG NETWORKS WEST,

Plaintiff,

vs.

CITY OF SCOTTSDALE,

Defendant.

No.

**ANSWER OF DEFENDANT CITY OF SCOTTSDALE**

**(Maricopa County Superior Court No. CV2010-000832)**

For its Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief, Defendant the City of Scottsdale ("Defendant" or "the City") hereby admits, denies, and affirmatively alleges as follows:

1. With respect to paragraph 1 of the Complaint, upon information and belief, Defendant admits that Plaintiff is a Delaware Corporation with its principal place of business in the State of California. The City further admits that the Arizona Corporation Commission

issued a CC&N to Plaintiff which speaks for itself. The City further alleges that the Arizona Corporation Commission was without jurisdiction to issue such a CC&N as interpreted by the Plaintiff and that such CC&N as interpreted by Plaintiff is preempted by federal law. The remaining allegations of the paragraph are denied.

2. Defendant admits the allegations of paragraph 2.

3. With respect to paragraph 3, Defendant admits that Plaintiff's Complaint states a federal cause of action but denies that the Maricopa County Superior Court has jurisdiction because the matter has been removed to this Court pursuant to 28 U.S.C. § 1441. Defendant further alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

4. With respect to paragraph 4, Defendant admits that venue is proper in the United States District Court for the District of Arizona. The remaining allegations are denied.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required defendant denies each of the allegations set forth in paragraph 5.

6. With respect to paragraph 6, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

7. With respect to paragraph 7, Defendant admits that Plaintiff contracts with CMRS providers. With respect to the remaining allegations set forth in paragraph 7, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

8. With respect to paragraph 8, Defendant admits that Plaintiff transmits and

receives radiofrequency signals through wireless communication facilities which it installs on various forms of property. With respect to the remaining allegations set forth in paragraph 8, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

9. With respect to paragraph 9, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

10. With respect to paragraph 10, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

11. With respect to paragraph 11, Defendant admits that Plaintiff does not own a license from the Federal Communications Commission to transmit radiofrequency signals in a particular spectrum. With respect to the remaining allegations set forth in paragraph 11, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

12. With respect to paragraph 12, Defendant admits that Plaintiff transmits and receives radiofrequency signals through its equipment which incorporates devices for that purpose. With respect to the allegation that NextG is not a wireless or CMRS provider, the statement is a legal conclusion to which no response is required. To the extent a response is required defendant denies said allegation.

13. With respect to paragraph 13, Defendant admits that Plaintiff does not have ownership of any wireless spectrum licenses from the FCC but has insufficient information to form a belief as to the truth or falsity of the remaining allegations of the paragraph and

therefore denies the same.

14. With respect to paragraph 14, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and therefore denies the same.

15. With respect to paragraph 15, Defendant admits that Plaintiff routinely refers to its equipment, in combination, as a Distributed Antenna System and admits that Plaintiff utilizes antennas a.k.a. wireless communication facilities in its system. The remaining allegations of the paragraph are denied.

16. Defendants deny the allegations of paragraph 16.

17. With respect to paragraph 17, the City admits that the Arizona Corporation Commission issued a CC&N to Plaintiff which speaks for itself. The City further alleges that the Arizona Corporation Commission was without jurisdiction to issue such a CC&N as interpreted by the Plaintiff and that such CC&N as interpreted by Plaintiff is preempted by federal law. The remaining allegations of the paragraph are denied.

18. With respect to paragraph 18, the City admits that Plaintiff has stated its desire to construct wireless communication facilities and other telecommunications equipment in certain portion of the City's rights of way. The City has insufficient information to form a belief as to the intent of the Plaintiff at this time and therefore denies the allegations regarding Plaintiff's intent.

19. With respect to paragraph 19, the City admits that A.R.S. § 9-581 is a statute enacted by the legislature of the State of Arizona which speaks for itself. The remaining allegations of the paragraph are denied.

20.     Upon information and belief, Defendant denies the allegations of paragraph 20 of the Complaint.

21.     With respect to paragraph 21, the City admits that A.R.S. § 9-581 is a statute enacted by the legislature of the State of Arizona which speaks for itself. The City affirmatively alleges that Plaintiff does not provide Telecommunications Services as defined by the statute.

22.     With respect to paragraph 22, the City admits that A.R.S. § 9-581 is a statute enacted by the legislature of the State of Arizona which speaks for itself. The City affirmatively alleges that Plaintiff is not a Telecommunications Corporation as defined by the statute.

23.     Defendant denies the allegations of paragraph 23 of the Complaint.

24.     With respect to paragraph 24, the City admits that A.R.S. § 9-581 is a statute enacted by the legislature of the State of Arizona which contains various definitions, including one for public highway, which are applicable to A.R.S. §§ 9-582 and – 583.  The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint.  The remaining allegations of the paragraph are denied.

25.     With respect to paragraph 25, the City admits that A.R.S. § 9-583 is a statute enacted by the legislature of the State of Arizona and the City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint.  The City affirmatively alleges that § 9-583 is not applicable to any services provided by Plaintiff.

26.     With respect to paragraph 26, the City admits that A.R.S. § 9-583 is a statute

enacted by the legislature of the State of Arizona and the City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. The City affirmatively alleges that § 9-583 is not applicable to any services provided by Plaintiff.

27.     With respect to paragraph 27, the City admits that A.R.S. § 9-583 is a statute enacted by the legislature of the State of Arizona and the City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. To the extent that Plaintiff attempts to summarize the statute, the City denies such summary and affirmatively alleges that the statute speaks for itself. The City further affirmatively alleges that § 9-583 is not applicable to any services provided by Plaintiff.

28.     With respect to paragraph 28, the City admits that A.R.S. § 9-582 is a statute enacted by the legislature of the State of Arizona and the City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. To the extent that Plaintiff attempts to summarize the statute, the City denies such summary and affirmatively alleges that the statute speaks for itself. The City affirmatively alleges that § 9-582 is not applicable to any services provided by Plaintiff.

29.     With respect to paragraph 29, the City admits that A.R.S. § 9-581 is a statute enacted by the legislature of the State of Arizona which contains various definitions, including one for public highway and one for political subdivision, which are applicable to A.R.S. §§ 9-582 and – 583. The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. The remaining allegations of the paragraph are denied.

30.     With respect to paragraph 30, the City admits that it is legally allowed to impose a per-linear foot fee for underground lines which carry interstate telecommunications services. The City further admits that A.R.S. § 9-583 is a statute enacted by the legislature of the State of Arizona.  The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint.  The City affirmatively alleges that A.R.S. § 9-583 is not applicable to any services provided by Plaintiff.  The remaining allegations of the paragraph are denied.

31.     With respect to paragraph 31, the City admits that A.R.S. § 9-583 is a statute enacted by the legislature of the State of Arizona.  The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint.  The City affirmatively alleges that A.R.S. § 9-583 is not applicable to any services provided by Plaintiff. The remaining allegations of the paragraph are denied.

32.     With respect to paragraph 32, the City admits that the Arizona Corporation Commission issued a CC&N to Plaintiff which speaks for itself.  The City further alleges that the Arizona Corporation Commission was without jurisdiction to issue such a CC&N as interpreted by the Plaintiff and that such CC&N as interpreted by Plaintiff is preempted by federal law.  The remaining allegations of the paragraph are denied.

33.     With respect to paragraph 33, the City admits that the Arizona Corporation Commission issued a CC&N to Plaintiff which speaks for itself.  With respect to whether the Arizona Corporation Commission adopted the recommendations of staff, Defendant has insufficient information to form a belief as to the truth or falsity of the statements therein, and

therefore denies the same. The City further alleges that the Arizona Corporation Commission was without jurisdiction to issue such a CC&N as interpreted by the Plaintiff and that such CC&N as interpreted by Plaintiff is preempted by federal law. The remaining allegations of the paragraph are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. With respect to paragraph 36 of the Complaint, the City admits that it has adopted a transaction privilege tax scheme which is included as Appendix C of the Scottsdale Revised City Code. The City further admits that Appendix C includes a § 470 and affirmatively alleges that said section speaks for itself. The City also admits that the current municipal rate for taxes imposed under § 470 is 1.65% exclusive of any county, state, or federal taxes which may also exist. The City affirmatively alleges that the definition of telecommunications services under its transaction privilege tax code may be different from other definitions found in state or federal law. The City further alleges that it has insufficient information to form a belief as to whether or not Plaintiff's activities would be subject to such transaction privilege tax and therefore denies the same.

37. With respect to paragraph 37, Defendant admits that Plaintiff sent a letter to the City on or about March 10, 2009 regarding its intention to seek to install telecommunication facilities in the city. The City affirmatively alleges that said letter speaks for itself and therefore denies the remaining allegations of the paragraph.

38. With respect to paragraph 38, the City admits that Kevin Sonoda responded to

NextG by letter on or about April 23, 2009, which document speaks for itself.

39. With respect to paragraph 39, the City admits that the Scottsdale City Code contains § 47-163 duly adopted by the City Council, which speaks for itself.

40 With respect to paragraph 40, the City admits that the Scottsdale City Code contains § 47-166 duly adopted by the City Council, which speaks for itself.

41. With respect to paragraph 41, the City admits that Kevin Sonoda responded to NextG by letter on or about April 23, 2009. The City affirmatively alleges that said letter speaks for itself. The City admits that it does not believe NextG is eligible for a telecommunications license for, among other things, the reason that the City doubts the legality of NextG's CC&N. The City denies the remaining allegations of the paragraph.

42. With respect to paragraph 42 of the Complaint, the City admits that it sought and was granted permission to intervene in proceedings before the Corporation Commission involving NewPath Networks, LLC, a company which appears to offer the same or substantially similar service as that of Plaintiff. The City further admits that in said proceeding it questioned the jurisdiction of the Corporation Commission to issue a CC&N to NewPath based on, among other things, the fact that NewPath appeared to be providing wireless service, regulation of which may be preempted by federal law. The remaining allegations of the paragraph are denied.

43. The City denies the allegations of paragraph 43 of the Complaint and affirmatively alleges that it was not a party to nor did it receive notice of Plaintiff's proceedings with the Arizona Corporation Commission.

44.     With respect to paragraph 44, the City admits that Kevin Sonoda responded to NextG by letter on or about April 23, 2009, which document speaks for itself.

45.     With respect to paragraph 45, the City admits that the Scottsdale City Code contains § 47-107 duly adopted by the City Council, which speaks for itself. The City does not deny the language of said section to the extent that it is accurately reproduced by Plaintiff in the paragraph.

46.     With respect to paragraph 46, the City admits that the City Council adopted a resolution modifying the fee schedule for wireless communication facilities on or about June 2, 2010 and repealed a prior resolution adopting a fee schedule for WiFi services and affirmatively alleges that said resolution speaks for itself.  The remaining allegations are denied.

47.     With respect to paragraph 47, the City admits that the City Council adopted a resolution modifying the fee schedule for wireless communication facilities on or about June 2, 2010 and repealed a prior resolution adopting a fee schedule for WiFi services and affirmatively alleges that said resolution speaks for itself.  The remaining allegations are denied.  The City does not deny the language of said resolution to the extent that it is accurately reproduced by Plaintiff in the paragraph.

48.     The City admits the allegations of paragraph 48.

49.     The City admits the allegations of paragraph 49.

50.     With respect to paragraph 50 of the Complaint, the City admits that it has adopted a transaction privilege tax scheme which is included as Appendix C of the Scottsdale

Revised City Code. The City further admits that Appendix C includes a § 470 and affirmatively alleges that said section speaks for itself. The City also admits that the current municipal rate for taxes imposed under § 470 is 1.65% exclusive of any county, state, or federal taxes which may also exist. The City affirmatively alleges that the definition of telecommunications services under its transaction privilege tax code may be different from other definitions found in state or federal law. The City further alleges that it has insufficient information to form a belief as to whether or not Plaintiff's activities would be subject to such transaction privilege tax and therefore denies the same. The remaining allegations are denied.

51. With respect to paragraph 51, the City admits that it adopted Resolution No. 7983, which speaks for itself, and does not deny its contents to the extent it is accurately reproduced in Plaintiff's Complaint or exhibits thereto. The City further admits that any entity that seeks to install wireless communication facilities in the City's rights of way must have a PIR before commencing any work. The remaining allegations are denied.

52. With respect to paragraph 52, the City admits that it adopted Resolution No. 7983, which speaks for itself, and does not deny its contents to the extent it is accurately reproduced in Plaintiff's Complaint or exhibits thereto. The City further admits that any entity that seeks to install wireless communication facilities in the City's rights of way must have a PIR before commencing any work. The remaining allegations are denied.

53. The City admits the allegations of paragraph 53.

54. The City denies the allegations of paragraph 54.

55. With respect to paragraph 55, the City does not have sufficient information to

form an accurate belief regarding the size of Plaintiff's "Node" and therefore denies the same. The City admits that if the WCF referred to by Plaintiff is actually the stated size then it would be subject to an annual ROW encroachment fee as stated. The remaining allegations of the paragraph are denied.

56. The City denies the allegations of paragraph 56.

57. With respect to paragraph 57, the City admits that it had previously adopted a WiFi fee schedule but affirmatively alleges that said resolutions and fee schedule speak for themselves and therefore deny the allegations of the paragraph. The City admits that it repealed the WiFi fee schedule and denies the remaining allegations of the paragraph.

58. With respect to paragraph 58, the City admits that it has an agreement with TW Telecom of Arizona which imposes various fees and rights and responsibilities. The City affirmatively alleges that said agreement speaks for itself and therefore denies the remaining allegations of the paragraph.

59. The City denies the allegations of paragraph 59.

60. Upon information and belief, the City admits the allegations of paragraph 60.

61. With respect to paragraph 61, the City has insufficient information to form a belief as to the truth or falsity of the allegations and therefore denies the same.

62. With respect to paragraph 62, the City incorporates by reference its previous admissions, denials, and affirmative allegations as if fully set forth herein.

63. With respect to paragraph 63, the City admits that A.R.S. § 9-582 is a statute enacted by the legislature of the State of Arizona, which speaks for itself The City does not

deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint.  The City affirmatively alleges that A.R.S. § 9-583 is not applicable to any services provided by Plaintiff.  The remaining allegations of the paragraph are denied.

64.     The City denies the allegations of paragraph 64 because it is vague and ambiguous.  The City admits that its City Code contains § 47-107 which said language speaks for itself.  The remaining allegations of the paragraph are denied.

65.     With respect to paragraph 65, the City admits that fees it imposes for the use of its rights of way are not transaction privilege taxes.  The remaining allegations are denied.

66.     With respect to paragraph 66, the City admits that fees it imposes for the use of its rights of way are not an application fee.  The remaining allegations are denied.

67.     With respect to paragraph 67, the City admits that fees it imposes for the use of its rights of way are not construction permit fees.  The remaining allegations are denied.

68.     The City denies the allegations of paragraph 68 because it is vague and ambiguous.

69.     The City denies the allegations of paragraph 69.

70.     The City denies the allegations of paragraph 70.

71.     The City denies the allegations of paragraph 71.

72.     With respect to paragraph 72, the City incorporates by reference its previous admissions, denials, and affirmative allegations as if fully set forth herein.

73.     With respect to paragraph 73, the City admits that A.R.S. § 9-583 is a statute enacted by the legislature of the State of Arizona, which speaks for itself.  The City does not

deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. The City affirmatively alleges that A.R.S. § 9-583 is not applicable to any services provided by Plaintiff. The remaining allegations of the paragraph are denied.

74. With respect to paragraph 74, the City admits that A.R.S. § 9-583 is a statute enacted by the legislature of the State of Arizona, which speaks for itself. The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. The City affirmatively alleges that A.R.S. § 9-583 is not applicable to any services provided by Plaintiff. The remaining allegations of the paragraph are denied.

75. The City denies the allegations of paragraph 75.

76. The City denies the allegations of paragraph 76.

77. The City denies the allegations of paragraph 77.

78. With respect to paragraph 78, the City incorporates by reference its previous admissions, denials, and affirmative allegations as if fully set forth herein.

79. With respect to paragraph 79, the City admits that 47 U.S.C. § 253 is a statute enacted by Congress, which speaks for itself. The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. The City affirmatively alleges that § 253 is not applicable to any services provided by Plaintiff. The remaining allegations of the paragraph are denied.

80. With respect to paragraph 80, the City admits that 47 U.S.C. § 253 is a statute enacted by Congress, which speaks for itself. The City does not deny the language of the statute to the extent that it is accurately reproduced by the Plaintiff in its Complaint. The City

affirmatively alleges that § 253 is not applicable to any services provided by Plaintiff.  The remaining allegations of the paragraph are denied.

81.     With respect to paragraph 81, the City admits that it is a local authority.  The remaining allegations of the paragraph are denied.

82.     The City denies the allegations of paragraph 82 of the Complaint.

83.     The City denies the allegations of paragraph 83 of the Complaint.

84.     The City denies the allegations of paragraph 84 of the Complaint.

85.     The City denies the allegations of paragraph 85 of the Complaint.

86.     The City denies each and every allegation in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff lacks standing or capacity to sue.

3.     Plaintiff alleges causes of action under a statute(s) which does not provide a private right of action.

5.     Plaintiff has failed to allege facts showing that it complied with the City's permitting and/or license application requirements and that the City has refused to issue it a license and/or permits and as such the Complaint fails to state a claim that is ripe.

6.     Plaintiff has failed to exhaust its administrative remedies.  Plaintiff has failed to comply with the City's licensing and/or permit requirements, which are affirmatively

protected by state and federal law, and which are designed to protect not only the City but the public. The City has made it clear to NextG that is will process and consider any applications to place NextG's facilities in the City's rights-of-way in accordance with the City's lawful requirements and yet Plaintiff still failed to follow the City's license application and/or permit process. As such Plaintiff has failed to exhaust administrative remedies that are available to it.

7.    Plaintiff has waived its right to assert any of the claims set forth in the Complaint.

8.    Plaintiff is barred from seeking the relief it requests under the doctrine of laches.

9.    Plaintiff is barred from seeking the relief it requests under the doctrine of unclean hands.

10.    Plaintiff is barred from seeking the relief it requests under the doctrine of estoppel.

11.    To the extent that the City is required to assert such matters as an affirmative defense, the City asserts that the provisions challenged under 11 U.S.C. § 253(a) are protected under either or both 11 U.S.C. §§ 253(b) and 253(c).

12.    The Court is prohibited from granting Plaintiff the relief it seeks because it would violate the Fifth and Tenth Amendments to the United States Constitution.

13.    Additional facts may be revealed by future discovery to support defenses, affirmative and otherwise, presently available but unknown to City Defendants. Therefore, as a separate defense and in the alternative, the City affirmatively alleges the additional defenses

set forth in Rules 8(c) and 12(b), *Federal Rules of Civil Procedure*, all of which and each of them may bar recovery by Plaintiff from the City Defendants.

WHEREFORE, having fully answered Plaintiff's Complaint, the City requests the following:

A. That Plaintiff's Complaint be dismissed with prejudice, and Plaintiff take nothing thereby;

B. That the City be awarded its costs incurred herein; and

C. That the City be awarded such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 1st day of February, 2010.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By /s/ Eric C. Anderson
R. Bruce Washburn
Eric C. Anderson, Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorneys for Defendant

/ / /

**The Foregoing was Electronically** filed this 1st day of February, 2010, with the United States District Court – District of Arizona, and **COPIES** mailed to:

Hon. Bethany Hicks
Maricopa County Superior Court
East Court Building
201 West Jefferson
Phoenix, AZ 85003

Jon Weiss, Esq.
LEWIS AND ROCA LLP
40 North Central Avenue
19th Floor
Phoenix, AZ 85004-4429

T. Scott Thompson, Esq.
Leslie Gallagher Maylan, Esq.
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006

Attorneys for Plaintiff

/s/ Elaine Goetze