**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| NextG Networks of California, Inc., d/b/a NextG Networks West,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>City of Scottsdale,<br><br>　　　　　　　Defendant. | 2:10-cv-00229 JWS<br><br>**ORDER AND OPINION** |

## I.  MOTION PRESENTED

At docket 10, plaintiff NextG Networks of California, Inc. ("Next") moves to remand this lawsuit to the Maricopa County Superior Court.  Next also seeks an award of costs and fees pursuant to 28 U.S.C. § 1447(c).  Defendant City of Scottsdale ("City") opposes at docket 11, and Next replies at docket 12.  Neither party requests oral argument, and it would not assist the court.

## II.  DISCUSSION

### A.  Merits

The facts which the court considers important to resolving the pending motion are not in dispute.  First, Next's complaint raises both state and federal law claims challenging the City's Wireless Encroachment Fee which is imposed on certain

telecommunications providers, including Next.  Second, the Wireless Encroachment fee is correctly categorized as a tax.  Third, Next's complaint asks for an injunction against the collection of the tax, as well as declaratory relief.  Fourth, the federal Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, provides as follows: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  Fifth, the Maricopa County Superior Court provides a forum in which the parties may plainly obtain a speedy and efficient resolution of this dispute.

Next's argument is essentially that the text of the TIA and the courts' interpretation and application of the statute in numerous federal decisions require that this case be remanded.  The City takes the position that the TIA is meant to preclude taxpayers from taking such disputes to federal court, but may not be applied so as to deprive a taxing authority of the right to have the dispute resolved in federal, rather than state court.  Next has the better argument.

The Supreme Court has explained that the TIA is meant to severely restrict the exercise of federal jurisdiction in cases involving the collection of local taxes.[1]  The TIA applies to requests for declaratory relief, as well as requests for injunctive relief.[2]  The Court has said that even when a state urges the exercise of federal jurisdiction, the TIA may foreclose its use.[3]  To avoid application of these principles to the case at bar, the

---

[1] *Arkansas v. Farm Credit Service of Central Arkansas*, 520 U.S. 821, 825-26 (1997).

[2] *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).

[3] *Farm Credit*, 520 U.S. at 826, (citing *Grace Brethren*, 457 U.S. at 417, n.38).

City first points to the Supreme Court's decision in *Jefferson County, Alabama v. Acker*.[4] However, as the Court itself explained in the *Jefferson County* decision, while the TIA applies when someone seeks to prevent a state from collecting a tax, it does not apply when a state seeks to collect a tax:  "But a suit to collect a tax is surely not brought to restrain state action and therefore does not fit the [TIA's] description of suits barred from federal district court adjudication."[5]  In contrast, the case at bar fits squarely within the statute's description of litigation proscribed in the district courts.

Next, the City cites *Hibbs v. Winn*.[6]  There, the Court held that the TIA did not bar federal court consideration of an action challenging a state law scheme awarding state income tax credits to persons making payments to support the award of scholarships and tuition credits at private schools on Constitutional grounds.  The Court noted that the action before it did not interfere with the collection of state tax revenues and pointed to the long history of entertaining similar challenges in federal courts.  After a discussion of the distinctions between the *Hibbs* litigation and cases where the TIA did apply, the Supreme Court wrote: "In sum, this Court has interpreted and applied the TIA only in cases Congress wrote the Act to address, *i.e.*, cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes."[7]  Of course, that is precisely the kind of case presented here, and so it is subject to the TIA.

_____

[4]527 U.S. 423, 434 (1999).

[5]*Id.* at 433-34.

[6]542 U.S. 88, 107-08 (2004).

[7]*Id.* at 107.

The City also points to a Ninth Circuit decision antedating the Supreme Court cases discussed above, *State of Arizona v. Atchison, T. & S. F .R. Co.*[8]  The City correctly notes that in the *Atchison* case the Court of Appeals expressly stated that the policy behind the TIA "would not be served by applying the statute to bar a state itself from invoking the jurisdiction of the federal courts."[9]  However, in *Atchison*, it was the state which initiated the action.  Thus, the Supreme Court's subsequent explanation of the significance of distinguishing between lawsuits instituted by a taxing authority and those commenced by a taxpayer in determining the applicability of the TIA, renders reliance on *Atchison* unavailing.

## B.  Costs and Fees

Federal law provides that in an order remanding a case to state court, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[10]  Certainly, the City should have carefully considered the effect of the TIA before it removed Next's lawsuit to this court.  While it is relatively easy to see, with the benefit of hindsight, that the City should have concluded that the TIA was an insurmountable hurdle, the existence of the broad statement in *Atchison* noted above renders the City's removal understandable, and the imposition of an award of costs inappropriately harsh.

---

[8]656 F.2d 398 (9th Cir. 1981).

[9]*Id.* at 402.

[10]28 U.S.C. § 1447(c).

Were the vitality of the application of the TIA to a taxing authority's removal of a taxpayer claim to federal court the only issue relating to an award of costs, an award would not be warranted in light of *Atchison*.  However, the exchange between counsel preceding the motion to remand shows there was discussion of an issue which the City should have conceded before the motion was filed–the question of whether the City's fee was a tax within the meaning of the TIA.  Counsel for Next directed the attention of the City's lawyer to *Qwest Corp. V. City of Surprise*,[11] which should have, but did not, lead the City's lawyer to realize that the City's fee was a tax for purposes of the TIA.[12] The City's pre-motion rejection of the notion that its fee was a tax for purposes of the TIA rendered Next's motion practice more expensive than it otherwise would have been. Thus, a partial award of costs and fees is appropriate.  After reviewing Next's opening memorandum, the court concludes that an award of attorneys' fees representing 40 percent of the fees incurred in the preparation of the motion and initial supporting materials is warranted.  However, nothing will be awarded in connection with the reply memo which, as a result of the belated concession made in the City's response, did not need to address the "is it a tax" issue.

### III.  CONCLUSION

For the reasons set out above, the motion at docket 10 is **GRANTED** as follows:

(1) This case is **REMANDED** to the Superior Court for the State of Arizona, Maricopa County.

---

[11]434 F.3d 1176, 1183 (9th Cir. 2006).

[12]*See* docket 10-1, Declaration of T. Scott Thompson at ¶ 2 and the response from the City's attorney at Exhibit 1 to the Declaration.

(2) Within 14 days from the date of this order, Next may file a properly supported motion seeking an award of attorneys' fees representing 40 percent of the fees incurred in the preparation of the motion and initial supporting materials (Next may not include fees associated with the reply memorandum).

(3) Within 7 days from service of Next's motion, the City may file a response in which it may contest the amount of fees sought, but not Next's entitlement to an award of reasonable fees for the work which falls within the scope of the court's order.

(4) To spare both sides effort and expense, the court urges the lawyers to consider stipulating to the amount of an appropriate award consistent with this order.

DATED this 6th day of April 2010.


/s/  JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE